**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 1 1 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LAKENDRA KERTIS**                                        **PLAINTIFF**

vs.                              No. 4:18-cv-*650-KGB*

**PARKWAY VILLAGE, INC.**                          **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Lakendra Kertis, individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Parkway Village, Inc. ("Defendant"), does hereby state and allege as follows:

This case assigned to District Judge *Baker*
and to Magistrate Judge *Kearney*

## I.  INTRODUCTION

1.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

2.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

## II.    **JURISDICTION AND VENUE**

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

6.     Defendant conducts business within the State of Arkansas, operating an assisted living facility for senior citizens.

7.     Defendant's principal place of business is within the Western Division of the Eastern District of Arkansas.

8.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

## III.    **THE PARTIES**

9.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.     Plaintiff is a resident and citizen of Saline County.

11.     At time during the three years prior to the filing of this lawsuit, Plaintiff was an hourly-paid employee at Defendant's assisted living facility located at 14300 Chenal Parkway in Little Rock.

12.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

13.     Defendant is a domestic nonprofit corporation, which operates Parkway Village, an assisted living facility for senior citizens.

14.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

16.     Defendant has more than four employees.

17.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

18.     Defendant's registered agent for service of process in the State of Arkansas is Troy Wells, Jr., 9601 Interstate 630, Exit 7, Little Rock, Arkansas 72205.

## IV.     FACTUAL ALLEGATIONS

19.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

20.     Defendant owns and operates Parkway Village, an assisted living center for senior citizens.

21.     As part of its services to its residents, Defendant employs Licensed Practical Nurses ("LPNs"), such as Plaintiff, to assist with residents' daily needs.

22.     During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA.

23.     Plaintiff worked more than forty (40) hours per week on a regular basis within the three years prior to the filing of Plaintiff's Complaint.

24.     As an hourly-paid employee, Plaintiff was required to clock out when her shift was over, regardless of whether she had completed the required paperwork for the tasks she completed during the day.

25.     As a result, Plaintiff was regularly required to work off-the-clock to in order to complete her paperwork in a timely manner.

26.     Additionally, Plaintiff was required to stay at work until the late relief LPN arrived to take over.

27.     The late relief LPN frequently arrived after Plaintiff's shift was over and she had already been required to clock out, resulting in several hours of off-the-clock work per week.

28.     Finally, at some point in the three years preceding the filing of this lawsuit, Plaintiff was required to work even though she was suspended without pay.

29.     As a direct result of Defendant's policies, even though Plaintiff worked more than forty (40) hours in many weeks that she worked for Defendant during time period relevant to this Complaint, she was not compensated for all of her hours worked.

## V.     FIRST CAUSE OF ACTION—FLSA

51.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

52.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

54.     At all relevant times, Defendant was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked

over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

56.     During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

57.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

58.     Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of requiring off-the-clock work by Plaintiff in excess of forty (40) hours per week.

59.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

60.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.     SECOND CAUSE OF ACTION—AMWA

61.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

63.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

64.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

65.     During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

66.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

67.     Defendant's failure to properly pay overtime wages to Plaintiff stems from Defendant's acts of requiring off-the-clock work by Plaintiff in excess of forty (40) hours per week.

68.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

69.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lakendra Kertis respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

C.   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.   A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E.   Judgment for damages for all unpaid overtime compensation owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.   Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H.     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

I.     For a reasonable attorneys' fee, costs, and pre-judgment interest; and

J.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF LAKENDRA KERTIS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Chris Burks
Ark. Bar No. 2010170
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com