**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LAKENDRA KERTIS**                                                                               **PLAINTIFF**

**vs.**                                         **NO. 4:18-CV-650**

**PARKWAY VILLAGE, INC.**                                         **DEFENDANT**

## **ANSWER OF DEFENDANT**

Comes the Defendant, Parkway Village, Inc., by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its Answer to the Original Complaint of the Plaintiff, states:

1. Defendant denies that it failed to pay the Plaintiff overtime compensation or any wages allegedly due the Plaintiff for hours worked by the Plaintiff. Defendant denies that it violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., or any other state or federal statute or regulation.

2. Defendant denies the allegations set forth in paragraph 2 of the Original Complaint.

3. Defendant does not contest the jurisdiction of this Court. However, Defendant denies that it violated any state or federal law.

4. Defendant denies that it violated the Arkansas Minimum Wage Act ("AMWA") or any other state or federal law. Defendant denies that it owes the Plaintiff any amount whatsoever.

5. Defendant does not deny the jurisdiction of this Court. Defendant denies that it violated any state or federal law, and denies that it owes the Plaintiff any amount for hours the Plaintiff claims that she worked and for which she was not compensated.

6. Defendant admits the allegations set forth in paragraph 6 of the Original Complaint.

7. Defendant admits the allegations set forth in paragraph 7 of the Original Complaint.

8. Defendant admits that venue is proper in this Court.

9. Paragraph 9 of the Plaintiff's Original Complaint merely repeats and re-alleges the preceding paragraphs contained in the Original Complaint, which have been fully responded to by the Defendant. Therefore, no further response is necessary.

10. Defendant does not have information sufficient to admit or deny the current residence of the Plaintiff. Therefore, that allegation is denied.

11. Defendant admits the allegations set forth in paragraph 11 of the Original Complaint. However, Defendant denies that it failed to pay the Plaintiff for all hours worked as required by law.

12. Defendant denies the Plaintiff is entitled to any relief from this Court, and denies that it violated any state or federal law.

13. Defendant admits the allegations set forth in paragraph 13 of the Original Complaint.

14. Defendant admits the allegations set forth in paragraph 14 of the Original Complaint.

15. Defendant admits that it is engaged in interstate commerce, and employs more than two individuals. Defendant denies that it is engaged in the "fast food industry."

16. Defendant admits the allegations set forth in paragraph 16 of the Original Complaint.

17. Defendant admits the allegations set forth in paragraph 17 of the Original Complaint.

18. Defendant admits the allegations set forth in paragraph 18 of the Original Complaint.

19. Paragraph 19 of the Plaintiff's Original Complaint merely repeats and re-alleges the preceding paragraphs contained in the Original Complaint, which have been fully responded to by the Defendant. Therefore, no further response is necessary.

20. Defendant admits the allegations set forth in paragraph 20 of the Original Complaint.

21. Defendant admits the allegations set forth in paragraph 21 of the Original Complaint.

22. Defendant admits the allegations set forth in paragraph 22 of the Original Complaint.

23. Defendant denies that the Plaintiff regularly worked more than forty hours per week, and states that the Plaintiff was paid for all hours worked and for any overtime which may have been due under the law.

24. Defendant denies the allegations set forth in paragraph 24 of the Original Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Original Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Original Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Original Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Original Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Original Complaint.

30. NOTE: There are no paragraphs numbered 30 through 50 in the Original Complaint.

51. Paragraph 51 of the Plaintiff's Original Complaint merely repeats and re-alleges the preceding paragraphs contained in the Original Complaint, which have been fully responded to by the Defendant. Therefore, no further response is necessary.

52. Defendant denies that the Plaintiff is entitled to any damages or declaratory relief under state or federal law.

53. Defendant admits the allegations set forth in paragraph 53 of the Original Complaint.

54. Defendant admits the allegations set forth in paragraph 54 of the Original Complaint.

55. Defendant admits the allegations set forth in paragraph 55 of the Original Complaint.

56. Defendant admits the allegations set forth in paragraph 56 of the Original Complaint.

57. Defendant denies that it failed to pay the Plaintiff for all hours worked as required by state and federal law.

58. Defendant denies that it required or permitted the Plaintiff to work off-the-clock, and states that it paid the Plaintiff for all hours worked as required by state and federal law.

59.     Defendant denies the allegations set forth in paragraph 59 of the Original Complaint.  Defendant complied with state and federal law in recording Plaintiff's time, and in compensating the Plaintiff for hours worked.

60.     Defendant denies the allegations set forth in paragraph 60 of the Original Complaint.

61.     Paragraph 61 of the Plaintiff's Original Complaint merely repeats and re-alleges the preceding paragraphs contained in the Original Complaint, which have been fully responded to by the Defendant.  Therefore, no further response is necessary.

62.     Defendant denies that it owes the Plaintiff any amount under state or federal law, and denies Plaintiff is entitled to any relief from this Court.

63.     Defendant admits the allegations set forth in paragraph 63 of the Original Complaint.

64.     Defendant admits the allegations set forth in paragraph 64 of the Original Complaint.  Defendant denies that it owes the Plaintiff any amount whatsoever.

65.     Defendant admits the allegations set forth in paragraph 65 of the Original Complaint.

66.     Defendant denies the allegations set forth in paragraph 66 of the Original Complaint.

67.     Defendant denies the allegations set forth in paragraph 67 of the Original Complaint.  Plaintiff was paid for all hours worked in compliance with state and federal law.

68.     Defendant denies the allegations set forth in paragraph 68 of the Original Complaint.

69.     Defendant denies the allegations set forth in paragraph 69 of the Original Complaint.

70. Defendant denies specifically and separately each and every material allegations contained in the Plaintiff's Original Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

71. Defendant states affirmatively that Plaintiff's Original Complaint fails to allege facts sufficient to state a cause of action under federal or state law.

72. Defendant states affirmatively that Plaintiff's alleged causes of action are barred by the applicable statutes of limitations.

73. The Defendant reserves the right to amend its Answer and assert additional defenses.

Respectfully submitted,

**PARKWAY VILLAGE, INC.**

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 W. Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800
bfreeland@mwlaw.com


 /s/ Byron Freeland
Byron Freeland  (Ark. Bar No. 72039)

## **CERTIFICATE OF SERVICE**

  I, Byron Freeland, hereby certify that on October 30, 2018, a true and accurate copy of the above and foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Chris Burks
**Sanford Law Firm, PLLC**
One Financial Center, Suite 411
650 S. Shackleford Rd.
Little Rock, AR  72211
chris@sanfordlawfirm.com

           */s/  Byron Freeland*
            Byron Freeland
            MITCHELL, WILLIAMS, SELIG,
            GATES & WOODYARD, P.L.L.C.
            425 W. Capitol Ave., Suite 1800
            Little Rock, Arkansas 72201
            (501) 688-8800
            bfreeland@mwlaw.com